IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE: )
GWENDOLYN ELAINE GARRETT )
 )
    Debtor. )
 )
 )
HUGH VASCONCELLOS, )
 )
    Appellant, )
 )
v. ) CIVIL ACTION NO. 11-0115-CG-C
 )
GWENDOLYN ELAINE GARRETT, )
 )
    Appellee. )

## ORDER

This is an appeal arising from the Chapter 7 bankruptcy case of Appellee, Gwendolyn Elaine Garrett ("Garrett") (case no. 09-14269). Appellant, Hugh Vasconcellos ("Vasconcellos"), filed an adversary proceeding in that case seeking a determination of non-dischargeability of a debt he claims is owed to him by Garrett (case no. 09-1143). Vasconcellos appeals the order of the Bankruptcy Court finding that the debt is dischargeable. For the reasons set forth below, this court finds the decision of the Bankruptcy Court is due to be affirmed.

**Facts and Procedural History**[1]

Garrett began operating Legends Cleaners, a dry cleaning business, with her husband, Jeffrey Garrett, in October 1999. The Garretts had contemplated selling the business for some time, but formally signed a listing agreement with Sunbelt Brokers, Inc., on January 2, 2007. The business equipment was subject to a $463,000 lien held by Solo-SS, Ltd., a financing company. Compound Management, LLC, is the general partner for Solo-SS, Ltd., and Steve Smith is a member of Compound Management. Garrett informed Steve Smith about her intention to sell Legend Cleaners, and they negotiated a lower lien payoff of $250,000 in the event the business was sold. At the time she decided to sell the business, Garrett was in immediate need of money to pay Solo-SS, vendors, rent, and other assorted bills that were due.

Vasconcellos was a customer of Legends Cleaners prior to January 2007. He decided to buy the business. Vasconcellos and Garrett negotiated a sales price of $350,000. Garrett contacted the Southern Law Firm to draft the necessary paperwork. Vasconcellos signed the purchase agreement and promissory note on February 5, 2007, agreeing to purchase the business for $350,000. The purchase agreement required a non-refundable earnest money payment of $50,000, payable in the amounts of $10,000 on or before January 25, 2007, and $40,000 on or before the closing date of February 15, 2007. The remaining balance of $300,000 was payable in monthly payments of $5,524.96,

---

[1] These facts are taken from Bankruptcy Judge Mahoney's order denying plaintiff's objections to discharge. Vasconcellos has not raised any objections to Judge Mahoney's findings of fact.

commencing March 1, 2007, until paid in full.

Vasconcellos gave Garrett $10,000 on the day he signed the promissory note and promised to pay the remaining $40,000 as agreed at closing. Vasconcellos testified that he signed the note without seeing any business records. After signing the note and paying Garrett $10,000, Vasconcellos began working at the business in order to learn how to run it. He was not paid for his work during that period of time.

It is not clear from the record exactly when Vasconcellos first asked to see business records of Legend Cleaners, but it is undisputed that he signed the note before asking to see them. Vasconcellos testified that when Garrett did provide him with records, they were several years old. He also testified that Garrett showed him and his sister a bonus check for $50,000 that was several years old. Garrett never produced any recent business records to Vasconcellos.

Vasconcellos intended to borrow the remaining escrow amount of $40,000 from his sister in New York, but she refused to loan him the money until she saw updated business records. Vasconcellos never paid the $40,000 escrow balance due. Garrett gave him an extension for an unspecified amount of time in which to make the first monthly payment of $5,524.96 that had been due March 1, 2007, according to the promissory note, but he did not begin making any payments. Vasconcellos testified that he did not make any payments other than the initial $10,000 because Garrett refused to show him updated business records. Vasconcellos further testified that Garrett promised to give him his $10,000 back if he refrained from suing her. Vasconcellos was not aware of Solo-SS, Ltd.'s lien on the business equipment of Legend Cleaners.

A final hearing on Vasconcellos' adversary complaint was held by the Bankruptcy Court on July 23, 2010. On August 6, 2010, the Bankruptcy Court entered an order and judgment finding that Garrett's debt to Vasconcellos was dischargeable. Vasconcellos' subsequent motion to vacate or set aside judgment was denied by the Bankruptcy Court on October 12, 2010. This appeal followed.

## Discussion

### I. Standard of Review

When this court sits in its capacity as an appellate court in review of the orders of a bankruptcy court, it reviews the bankruptcy court's legal conclusions de novo. In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996). "The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." Id. This court may not make independent factual findings. Id.

### II. Dischargeability Determination

Non-dischargeability of debts in bankruptcy cases is governed by 11 U.S.C. § 523. 11 U.S.C. § 523 (a)(2)(A) deems as non-dischargeable any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(B) provides for the non-dischargeability of the same type of debt obtained by the use of a written statement "(i) that is materially false; (ii) respecting the

4

debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive." A creditor seeking a determination of non-dischargeability must prove his case by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991).

Vasconcellos argues on appeal that the Bankruptcy Court erred in finding that he had not proven his case for non-dischargeability under 11 U.S.C. § 523(a)(2)(A) or (B). A finding of non-dischargeability under 11 U.S.C. § 523(a)(2)(A) requires proof that "(1) the debtor made a false representation with intent to deceive the creditor, (2) the creditor relied on the representation, (3) that his reliance was reasonably founded, and (4) that the creditor sustained loss as a result of the representation." In re St. Laurent, 991 F.2d 672, 676 (11th Cir. 1993).

The only misrepresentation alleged by Vasconcellos in his complaint, and the primary alleged misrepresentation at issue in the final hearing, concerned Garrett's intention to sell the business to Vasconcellos. The Bankruptcy Court found that Vasconcellos did not prove by a preponderance of the evidence that this was a false representation. Vasconcellos does not appeal this finding of the Bankruptcy Court.

Vasconcellos' main issue on appeal concerns the ownership of Legend Cleaners. According to Vasconcellos, Garrett misrepresented the fact that Garrett and her husband owned the company when Solo-SS, Ltd. had a security interest in

the assets of Legend Cleaners in the amount of $463,000.00.[2] There was no evidence presented that Garrett ever affirmatively stated that there were no security interests or liens on the property at the time the purchase agreement was signed, or that Vasconcellos inquired about the subject.

Vasconcellos' argument is essentially that, by virtue of the security agreement, it was Solo-SS, Ltd., rather than the Garretts, who owned the assets of Legend Cleaners. He provides no case law in support. His argument is incorrect because it assumes that the term "own" only applies to property that is possessed free and clear of all liens and encumbrances. In a similar case, a bankruptcy court in Michigan was faced with allegations that a debtor misrepresented his ownership of certain restaurant equipment when the equipment was encumbered by a bank's security interest. In re Masters, 37 B.R. 72, 73-75 (Bankr. E.D. Mich. 1984). In rejecting that argument, the bankruptcy court explained:

> Ownership is an ambiguous term. The fact that property purchased is subject to a security interest does not negate ownership. To a layman, ownership is equated with purchase regardless whether the total purchase price has or has not been paid and regardless whether the unpaid part of the purchase price is secured or unsecured. The statement made by the debtor that he owned the property was not a materially false statement.

Id. at 75. That same logic applies here. The fact that the assets of Legend Cleaners were subject to the security interest of Solo-SS, Ltd. does not make the statement

---

[2] While the Bankruptcy Court did not make any specific findings as to this issue, this court presumes that the Bankruptcy Court intended to include all misrepresentations alleged by Vasconcellos in its finding that Vasconcellos failed to meet his burden of proof regarding dischargeability.

that those same assets were owned by the Garretts a false one. The two can be true at the same time. Therefore, Vasconcellos failed to satisfy the first element of non-dischargeability under § 523(a)(2)(A).

It follows then that, even if Vasconcellos actually relied on the Garretts' representation of ownership to assume that the assets of Legend Cleaners were free and clear of all liens and encumbrances, such reliance was not reasonable. Vasconcellos could simply have asked the Garretts about any security interests in the property, or he could have directed his attorneys to include a representation to that effect in the purchase agreement. Finally, he could have checked Alabama public records and discovered the UCC Financing Statement on the property filed by Solo-SS, Ltd. in November 2003. Accordingly, Vasconcellos did not establish the third element of non-dischargeability under § 523(a)(2)(A).

Lastly, the court finds that even if the other elements of § 523(a)(2)(A) were satisfied by Vasconcellos, he did not prove that the loss he suffered was a result of this representation of the Garretts. Vasconcellos lost his $10,000.00 because he failed to hold up his end of the contract with the Garretts, a contract which provided that this money was part of a non-refundable earnest money deposit. Had he complied with his contractual obligations, this money would not have been lost, but rather would been a part of the purchase price of the business.[3]

Vasconcellos also argues that Garrett's promise to him that she would show

---

[3] Indeed, had Vasconcellos fully complied with the terms of the purchase agreement, the Garretts would have been able to pay off Solo-SS, Ltd. at the negotiated payoff amount of $250,000.00.

him recent financial records of Legend Cleaners was an actionable misrepresentation. This issue was not raised in the complaint or at the final hearing of this matter, therefore is not properly before this court on appeal. In re Stacy, 167 B.R. 243 (N.D. Ala., 1994) (on appeal from bankruptcy court decision district court will not, absent compelling circumstances, address an issue which appellant failed to raise in bankruptcy court). Even were this a proper issue on appeal, Vasconcellos' argument fails. Although facts were adduced as to whether the records were requested and received, Vasconcellos never argued that Garrett's promise to him on this caused the loss of his $10,000.00. Even had he done so, this court finds, as a matter of law, that if there was a misrepresentation in this regard, it did not result in the loss at issue. Vasconcellos admitted that he did not request any updated financial records until after the purchase agreement had been signed and his $10,000.00 had been paid. Therefore, any misrepresentation made by Garrett in response could not have caused him to pay that money and hence suffer its loss.

Vasconcellos also makes passing reference to § 523(a)(2)(B) in his brief. However, he provides no argument as to how he believes the Bankruptcy Court erred in its application of this provision. Section 523(a)(2)(B) provides for the non-dischargeability of certain types of debt obtained by the use of a written statement "(i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be

made or published with intent to deceive."

The court agrees with the Bankruptcy Court that Garrett did not provide any materially false written material. While Garrett did show Vasconcellos three-year-old financial records, she never represented them as being anything other than what they actually were. There was no evidence presented that the records were materially false in any way. Accordingly, Vasconcellos' arguments regarding § 523(a)(2)(B) must also fail.

Finally, Vasconcellos claims that Garrett's promise to him that she would refund his $10,000.00 is an actionable misrepresentation. In addition to not being properly raised before the Bankruptcy Court, this argument is a non-starter. This promise was made, of course, well after Vasconcellos signed the purchase agreement and handed over his first required payment. Obviously then, Garrett's promise had nothing to do with his decision to buy Legend Cleaners. In any event, reliance on such a promise by Vasconcellos was quite clearly unreasonable. One may not reasonably base a decision not to take legal action on the bare promise of another to repay a debt. Finally, as noted above, Vasconcellos' loss was caused by his failure to abide by the purchase agreement, not on his reliance on Garrett's promise to repay the money he had already lost.

In sum, this court has reviewed the findings of fact made by the Bankruptcy Court using a clearly erroneous standard, and its conclusions of law <u>de novo</u>. The courtfinds no error in either the findings of fact or the conclusions of law.

## CONCLUSION

For the reasons stated herein, the court finds that the order of the U.S. Bankruptcy Court for the Southern District of Alabama in Adversary Proceeding 09-01064, Bankruptcy Case Number 09-01143, denying Vascocellos' objections to dischargeability, and its judgment in favor of Garrett on those objections, are due to be, and are hereby, **AFFIRMED**.

**DONE and ORDERED** this 15th day of August, 2011.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE